UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


CLARENCE BOGAN, III,                               Case No. 1:11-cv-287
      Plaintiff                                Dlott, J.
                                                          Litkovitz, M.J.

   vs

MR. HARRIS, et al.,                                **REPORT AND RECOMMENDATION**
      Defendants


Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI) in Lebanon, Ohio, brings this action against various LeCI officials.  Plaintiff's complaint alleges he was denied access to his property in the property room; denied certain papers from the property room which amounted to a denial of access to the courts; denied freedom of religion by being denied access to his bible and other religious study materials; denied "freedom of expression" by being denied access to written songs and poetry stored in the property room; denied personal photographs and the right to maintain family and community ties; denied due process when officials failed to give him forms to prepare a property loss claim in small claims court; deprived of an extra tub for his legal work; denied the ability to tune his guitar and amplifier to check for damage once he was taken to the property room; and denied a proper response to his complaints and grievances about his property.  This matter is before the Court on plaintiff's motion to proceed *in forma pauperis*. For the reasons that follow, plaintiff's motion should be denied.

A prisoner's right to proceed *in forma pauperis* has now been restricted by Congress.  In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

(g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This Court has previously found that Clarence Bogan is prevented by the PLRA from filing any civil actions in this Court *in forma pauperis* since he has filed a multitude of lawsuits in this Court, at least three of which were frivolous or malicious, or failed to state a claim upon which relief could be granted.  *See Hatcher v. Huffman,* Case No. C-1-99-132 (S.D. Ohio May 6, 1999) (Spiegel, J.), citing *Bogan v. Senich,* C-1-92-735 (N.D. Ohio May 21, 1992)(Doc. 3)(complaint dismissed as frivolous); *Bogan v. Brigano,* C-1-94-495  (S.D. Ohio Sept. 19, 1994)(Doc. 10)(complaint dismissed for failure to state a claim); *Bogan v. Brigano,* C-1-92-402 (S.D. Ohio Dec. 17, 1993)(Doc. 32)(*in forma pauperis* status revoked and case dismissed based on scurrilous, profane, and threatening material submitted by plaintiff); *Bogan v. Wilkinson*, C-2-92-676 (S.D. Ohio March 23, 1994)(Doc. 35)(*in forma pauperis* status revoked and case dismissed due to plaintiff's abusive behavior during deposition)[1].  More recently, plaintiff has had other actions dismissed for failure to state a claim upon which relief may be granted.  *See, e.g., Bogan v. Smith*, No. 1:08-cv-2073 (N.D. Ohio Dec. 29, 2008); *Bogan v. Cuyahoga County Jail*, No. 1:08-cv-1811 (N.D. Ohio Nov. 21, 2008); *Bogan v. McDonough*, No. 1:08-cv-1727 (N.D. Ohio Oct. 31, 2008).   Plaintiff's previous dismissals prevent him from filing this action *in*

---

[1] *In forma pauperis* complaints that threaten violence or contain disrespectful references to the court and conduct plainly abusive of the judicial process are properly termed "malicious." *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Carter v. Telectron, Inc.*, 452 F. Supp. 944 (S.D. Tex. 1977).  *See also Cello-Whitney v. McCracken,* 977 F.2d 587 (9th Cir. 1992)(unpublished), 1992 W.L. 300819.

*forma pauperis*.

In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g).  The Court is unable to discern from plaintiff's complaint any facts indicating he is under imminent danger of serious physical injury.  Under the plain language of the statute, plaintiff must be "in imminent danger at the time that he seeks to file his suit in district court" to qualify for the exception to the three strike provision of § 1915(g).  *See Abdul Akbar v. McKelvie*, 239 F.3d 307, 311 (3rd Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  Plaintiff has failed to allege particular facts showing any immediate or specific danger of future serious physical injury.  Therefore, plaintiff does not meet the exception to section 1915(g).

For these reasons, plaintiff's motion to proceed *in forma pauperis* should be denied under 28 U.S.C. § 1915(g).

### IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's motion to proceed *in forma pauperis* be **DENIED.**

2.  Plaintiff be ordered to pay the $350 filing fee within thirty (30) days, and that plaintiff be notified that his failure to pay the full filing fee within thirty days will result in the dismissal of his action.  *See In re Alea*, 286 F.3d 378, 382 (6th Cir.), *cert. denied*, 537 U.S. 895 (2002).

Date: 5/27/2011                                    s/Karen L. Litkovitz
                                                         Karen L. Litkovitz
                                                         United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CLARENCE BOGAN, III,
     Plaintiff

vs

MR. HARRIS, et al.,
     Defendants

Case No. 1:11-cv-287

Dlott, J.

Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).